**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Yulo Martinez, III,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-15-00566-TUC-BPV<br><br>**ORDER** |

    Petitioner David Yulo Martinez, III, a state prisoner, has filed a Petition for Writ of Habeas Corpus. (Doc. 1. ("Petition"))[1] Thereafter, Petitioner filed an Amended Petition pursuant to 28 U.S.C. § 2254, wherein Petitioner alleges that he is imprisoned and sentenced in violation of the United States Constitution and seeks an evidentiary hearing in support of his claims. (Doc. 16.) Respondents oppose the Amended Petition and the request for evidentiary development. (Doc. 22.) Petitioner did not file a reply.

    In accordance with the provisions of 28 U.S.C. §636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 25). For the following reasons, the Court dismisses this action as untimely.

---

[1] "Doc" refers to numbered documents in this Court's case file.

**PROCEDURAL BACKGROUND**

*Trial and Appeal*

On April 2, 2009, following a jury trial in Pima County Superior Court, Petitioner was convicted of four counts each of armed robbery and aggravated assault. On June 9, 2009, the trial court imposed a combination of consecutive and concurrent, aggravated sentences totaling 90 years' imprisonment. (Doc. 16 at 32–33.)[2] Petitioner filed a timely appeal (Doc. 16-2 at 44–75), and the Arizona Court of Appeals affirmed the convictions and sentences in a memorandum decision filed April 29, 2010. (Doc. 16-3 at 77.) On June 2, 2010, Petitioner, through counsel, filed a petition for review of the appellate court's decision, challenging the appellate court's resolution of all of the issues raised except for the improper jury instruction claim. (Doc. 16-3 at 84–100.) The Arizona Supreme Court summarily denied review on October 21, 2010. (Doc. 23-4, Ex. D.)

*Collateral Review: First Petition for Post-Conviction Relief*

On November 4, 2010, Petitioner filed a notice of post-conviction relief ("PCR") under Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 23, Ex. E.) Petitioner, through counsel, filed his PCR petition on September 13, 2011, raising one claim of trial court error and several claims of ineffective assistance of counsel. (Doc. 16-4 at 145–82.) Subsequently, Petitioner amended the petition to include a claim of prosecutorial misconduct. (Doc. 16-4 at 191–95.) Later, after the State responded to the PCR petition, Petitioner expressly withdrew his claim that defense counsel had been ineffective in advising him regarding a plea offer. (Doc. 16-4 at 185.) On February 15, 2012, the PCR court summarily denied the petition noting that Petitioner had withdrawn his claim of ineffective assistance of counsel based on defense counsel's advice regarding a proffered plea and raised no colorable claims in the petition. (*Id.* at 196–201.)

On June 8, 2012, before filing a petition for review of the PCR court's decision, Petitioner moved to retract the withdrawal of the ineffective assistance of counsel claim

---

[2] Citations to the record filed by Petitioner refer to the Bates stamp numbers affixed to the lower right corner of each page of the appendix.

regarding defense counsel's advice on a plea offer. (Doc. 16-4 at 202–08.) The PCR court treated the motion as motion for rehearing under Rule 32.9(a) of the Arizona Rules of Criminal Procedure, found the claim untimely, and denied the motion by minute entry dated June 27, 2012. (Doc. 16-4 at 214.) The Court found, alternatively, that had the motion been timely filed, it would be procedurally barred. (*Id.*)

Petitioner's petition for review of the PCR decision was filed on August 10, 2012. (Doc. 16-4 at 215–256.) The Arizona Court of Appeals granted review but denied relief in a memorandum decision filed on December 21, 2012. (Doc. 16-4 at 257–72.) The Arizona Supreme Court summarily denied review on July 23, 2013. (Doc. 23-8, Ex. H.) The appellate court issued its mandate on September 27, 2013. (Doc. 16-5 at 314.)

*Collateral Review: Second Petition for Post-Conviction Relief*

On August 14, 2013, Petitioner filed a second PCR notice. (Doc. 16-5 at 296.) After first denying Petitioner's request for counsel and dismissing the notice, the PCR court reconsidered that ruling, deemed the petition timely, and appointed counsel to represent Petitioner. (Doc. 16-5 at 301–09.) Counsel filed a second PCR petition on March 14, 2014, finding no issues for review and requesting an extension of time for Petitioner to file a pro se PCR petition. (Doc. 16-5 at 331.) Petitioner filed his petition on April 24, 2014, raising claims of ineffective trial and PCR counsel. (Doc. 16-6 at 346.) The PCR court denied relief and dismissed the second petition on June 5, 2014, finding all of Petitioner's claims precluded and Petitioner's claim of ineffective assistance of PCR counsel non-cognizable. (Doc. 16-6 at 436.) On September 30, 2014, the Arizona Court of Appeals granted a petition for review of the PCR court's decision, but denied relief, finding the PCR court clearly identified Petitioner's claims and resolved them correctly. (Doc. 23-9, Ex. I.) No motion for reconsideration or petition for review from that decision was filed, and the mandate issued on December 4, 2014. (Doc. 23-10, Ex. J.)

*Federal Habeas Petition*

Petitioner filed his petition for writ of habeas corpus in this Court on December 4,

2015.

## DISCUSSION

Federal Courts analyze habeas claims under the Antiterrorism and Effective Death Penalty Act (AEDPA) framework, and can only grant relief "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

The AEDPA's limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010). Generally, a petitioner is entitled to equitable tolling upon a showing of (1) a diligent pursuit of petitioner's rights; and (2) extraordinary circumstances that stood in petitioner's way, preventing timely filing. *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Court for the Cent. District of Cal.*, 128 F.3d 1283 (9th Cir. 1997) *as amended on denial of reh'g and reh'g en banc* (Oct. 29, 1997), *overruled on other grounds by* 163 F.3d 530 (9th Cir. 1998), *abrogated on other grounds by Woodford v. Garceau,* 538 U.S. 202 (2003); *see also Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). Equitable tolling may be appropriate when the

"extraordinary circumstances" consist of "external forces" and not petitioner's "lack of diligence." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon,* 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980).

Equitable tolling also is appropriate if a petitioner establishes his actual innocence by showing that "no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "Actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the impediment is the expiration of the AEDPA statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

**ANALYSIS**

*Limitation Period Under § 2244(d)(1)(A)*

Petitioner's conviction and sentence became final on January 19, 2011, 90 days after his direct appeal was denied by the Arizona Supreme Court on October 21, 2010, when the time for filing a petition for a writ of certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sup.Ct.R. 13; *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review); *Porter v. Ollison*, 620 F.3d 952, 958–59 (9th Cir. 2010) ("When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days

after the decision of the state's highest court."). Accordingly, Petitioner was required to file his federal petition for writ of habeas corpus within one year of the date his convictions became final, *i.e.*, one year from January 19, 2011. Absent any statutory or equitable tolling periods, Petitioner's right to file a federal habeas petition expired on January 19, 2012. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating the AEDPA's one-year statute of limitations using the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure).

*Statutory Tolling Under § 2244(d)(2): First Petition for Post-Conviction Relief*

The limitations period was tolled immediately, however, by the pendency of Petitioner's state petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). There was no gap between the conclusion of direct review, and Petitioner's properly filed notice of petition for post-conviction review. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004) (state petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when properly filed notice of post-conviction relief is filed). A PCR application is also pending during the intervals between a lower court decision and a review by a higher court. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Thus, the issue is not when direct review became final under § 2244(d)(1)(A), rather, this Court must determine, applying state law, how long Petitioner's petition for post-conviction relief was "pending" for purposes of tolling the limitations period pursuant to § 2244(d)(2). *See Wixom*, 264 F.3d at 897 (applying Washington law to determine conclusion of collateral review in state court). An application for state post-conviction review remains pending until the application has achieved final resolution through the State's post-conviction procedures. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (citing *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002)). Thus, the first PCR proceeding in this matter was "pending" and tolled AEDPA's statute of limitations until the Arizona Supreme Court denied review of Petitioner's petition on July 23, 2013. *See Hemmerle*, 495 F.3d at 1077 (holding that nothing remains "pending" after the Arizona

Supreme Court denies review in PCR proceedings).[3]

Because nothing was pending after the Arizona Supreme Court's decision, the statute of limitations commenced to run the next day—on July 24, 2013. *See Hemmerle,* 495 F.3d at 1074 (statute of limitations tolled until date on which PCR notice was dismissed where no petition for review was filed).

*Statutory Tolling Under § 2244(d)(2): Second Petition for Post-Conviction Relief*

The time between a first and second application for post-conviction relief is not tolled because no application is pending during that period. *See Biggs,* 339 F.3d at 1048. It follows from *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed), that § 2244(d) also does not permit the reinitiation of the limitations period after a second petition is filed.

In this case, the limitations period continued running until August 14, 2013, when Petitioner filed his second PCR proceeding. Twenty-two (22) days of non-tolled time

---

[3] In *Celaya v. Stewart* the Arizona District Court reached the conclusion that, under Arizona rules, a decision issued by the court of appeals after it accepts review of a petition is not finalized until issuance of the mandate. 691 F. Supp. 2d 1046 (D. Ariz. 2010), *aff'd sub nom* 473 Fed. Appx. 794 (9th Cir. 2012), *withdrawn and superseded on other grounds on denial of reh'g en banc*, 497 Fed. Appx. 744 (9th Cir. 2012). The court reached this conclusion after examining differences between the state court PCR proceedings in *Celaya* and *Hemmerle.* Unlike the petitioner in *Hemmerle*, Celaya failed to seek review from the Arizona Court of Appeals' decision granting review of the petition and denying relief. *Id.* Under Arizona rules, if no motion for reconsideration or petition for further review is filed, and the time for filing expires, the clerk of the Court of Appeals is directed to issue a mandate. *See* Ariz. R. Crim. P. 31.23 (2013). In *Hemmerle*, after the Arizona Supreme Court denied review, there was no further requirement for a mandate to issue; the petition was no longer pending. *See Hemmerle*, 495 F.3d at 1077; *see also* Ariz. R. Crim. P. Rule 32.9(g)(2013) (Rules 31.18 and 31.19 apply to petitions for review from appellate court decisions); Ariz. R. Crim. P. Rule 31.19(h)(2013) (directing clerk of the Arizona Supreme Court to notify the parties and the Court of Appeals when a petition for review has been denied and to return the briefs to the Court of Appeals). Applying this reasoning here, Petitioner's first PCR, like Hemmerle's, was finally resolved when the Arizona Supreme Court denied review.

elapsed between the conclusion of Petitioner's first PCR proceeding and the filing of the notice of his second PCR proceeding. After the PCR court denied the petition, the Arizona Court of Appeals granted a petition for review of the PCR court's decision, but denied relief on September 30, 2014. The limitations period continued to be tolled until the mandate issued on December 4, 2014. *See e.g.*, *Celaya*, 473 F. App'x 794. Petitioner filed his federal habeas petition one year later on December 4, 2015. Petitioner's Amended Petition was filed on June 29, 2016, 230 days after the limitations period expired (including the 22 days between the first and second PCR petitions).

Neither party has raised the issue of whether Petitioner's Amended Petition relates back to the original petition for statute of limitations purposes. Rule 15 of the Federal Rules of Civil Procedure governing amendments to habeas petitions permits otherwise untimely amendments to "relate back" to the date of the timely-filed original pleading only when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); *see Mayle v. Felix*, 545 U.S. 644, 649 (2005). The Court finds that only a subset of Claim A(2)—alleging the ineffective assistance of post-conviction relief counsel for withdrawing the claim of ineffective assistance of trial counsel during plea negotiations—relates back to the first petition. Thus, this particular claim is only untimely by 22 days.[4] Moreover, even if all of the claims related back to the original petition, they would also be untimely filed by 22 days. Thus, in the absence of equitable tolling, the Amended Petition is untimely.

*Equitable Tolling*

Petitioner has not met his burden to prove the existence of cause required for equitable tolling. Petitioner filed no reply to Respondents' argument that his petition is untimely and raised no argument in his Amended Petition in support of equitable tolling. Petitioner failed to proffer any extraordinary circumstance that would justify equitable

---

[4] Furthermore, this claim is subject to dismissal because it is non-cognizable on habeas review under 28 U.S.C. § 2254

tolling or demonstrate that an external impediment hindered the diligent pursuit of his rights. Petitioner has not argued actual innocence and, in fact, asserts he would have accepted a plea offer had he known about crucial evidence identifying him as the perpetrator of the offenses. Petitioner's lack of familiarity with the law or lack of legal assistance does not toll the statute of limitations. *See Rasberry*, 448 F.3d at 1154 (holding petitioner's inability to calculate the limitations period is not extraordinary circumstances that toll the statute). "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). Petitioner has not met the "high hurdle" of demonstrating extraordinary circumstances impeded the timely filing of his habeas petition. Accordingly, this Court finds no cause to equitably toll the limitations period.

*Conclusion*

In the absence of equitable tolling, Petitioner's amended habeas petition, with the exception of the subset of Claim A(2) discussed above, was filed 230 days after the statute of limitations expired. The subset of Claim A(2) that relates back to the original petition was filed 22 days late. Accordingly,

IT IS ORDERED that the Petitioner's Petition is DISMSSED as untimely. The Clerk of the Court shall enter judgment accordingly and close the file in this action.

IT IS FURTHER ORDERED that a Certificate of Appealability is GRANTED as to whether Petitioner's § 2254 petition is barred by AEDPA's statute of limitations.

Dated this 25th day of June, 2018.

_____
Bernardo P. Velasco
United States Magistrate Judge